UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1877,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITISCAPE PROPERTY MANAGEMENT GROUP LLC; DOES 1 THROUGH X,<br><br>　　　　Defendants. | Case No:  C 09-0608 SBA<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS**<br><br>[Docket 8] |

The parties are presently before the on Court Respondent Cityscape Property Management Group LLC's Motion to Dismiss Petition to Compel Arbitration Pursuant to Federal Rule of Civil Procedure 12(b)(6).  Respondent seeks dismissal on the ground that the Petition is time-barred.  Having read and considered the papers submitted, and being fully informed, the Court DENIES the motion.[1]

**I.　　BACKGROUND**

Petitioner and Respondent are parties to a collective bargaining agreement ("CBA").  (Pet. ¶ 3.)  Since June 2007, a dispute has existed over the applicability of the CBA.  (Id. ¶ 4.)  Under section 17 of the CBA, the parties are bound to submit all disputes over the CBA to arbitration. (Id. ¶ 5.)  By letter dated June 27, 2007, Respondent informed Petitioner in writing that it is not bound by the CBA.  (Id. ¶ 6.)  On February 20, 2008, Petitioner sent Respondent an email requesting its participation in the selection of an arbitrator.   (Id.)  Respondent never responded to Petitioner's request.  (Id.)

On December 8, 2008, Petitioner filed a Petition to Compel Arbitration in San Francisco

---

[1] The Court, in its discretion, resolves this motion without oral argument.

**1**  County Superior Court.  On February 9, 2009, Respondent removed the Petition to this Court on
**2**  the ground that the action arises under section 301 of the Labor Management Relations Act, 29
**3**  U.S.C. § 185 ("LMRA").  Respondent has now filed a motion to dismiss, claiming that the six-
**4**  month limitations period for seeking arbitration accrued on June 27, 2007, and therefore, the
**5**  Petition is untimely.

**6**  **II.**     **DISCUSSION**

**7**  Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if
**8**  it fails to state a claim upon which relief can be granted.  "In general, the inquiry is limited to the
**9**  allegations in the complaint, which are accepted as true and construed in the light most favorable to
**10** the plaintiff."  Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).  Though
**11** resolution of a statute of limitations defense generally requires consideration of evidence, the issue
**12** may be resolved on a motion to dismiss based on facts alleged in the Complaint if those facts are
**13** not disputed.  See Rouse v. U.S. Dept. of State, 548 F.3d 871, 879 (9th Cir. 2008).[2]

**14** The LMRA contains no statute of limitations specifying when a party must bring a motion
**15** to compel arbitration.  However, the Ninth Circuit has held that a petition to compel arbitration is
**16** subject to the six-month limitation set forth section 10 of the National Labor Relations Act.  See
**17** United Steelworkers of America v. Retirement Income Plan For Hourly-Rated Employees of
**18** ASARCO, Inc., 512 F.3d 555, 561 (9th Cir. 2008) ("ARARCO").  "This six-month period 'begins
**19** to run from the time one party *makes it clear* that it will not submit the matter to arbitration.'"  Id.
**20** (citing Local Joint Exec. Bd. of Las Vegas, Bartenders Union Local 165 v. Exber, Inc., 994 F.2d
**21** 674, 675 (9th Cir. 1993) (emphasis added).  "[T]o start the statute of limitations running, an
**22** unequivocal, express rejection of the union's request for arbitration must be communicated to the
**23** union.  Constructive notice is not sufficient."  Local Joint Exec. Bd. of Las Vegas, 994 F.2d at 676.
**24** In this case, Respondent argues that it "made it clear" that it was refusing to arbitrate in its
**25** June 27, 2007 letter, when it took the position that it is not bound by the CBA.  (Mot. at 5.)  The
**26**
**27**      [2] Both parties submit declarations in connection with the instant motion, which is
    inappropriate on a Rule 12(b)(6) motion to dismiss.  The Court does not consider the declarations
**28** or corresponding objections, which are unnecessary to resolve this motion.

Court disagrees.  In ASARCO - a relatively recent Ninth Circuit case cited by neither party - the defendant Plan argued that the Union's request for arbitration was untimely because it was submitted more than six months after the Plan allegedly had refused to arbitrate.  Specifically, the Plan argued that the statute of limitations commenced to run when, in response to the Union's grievance, it advised the Union that "[t]hese issues are not an appropriate subject for the grievance and arbitration process."  ARARCO, 512 F.3d at 562.  On appeal, the Ninth Circuit rejected the Plan's contention that its letter demonstrated its refusal to arbitrate.  Id.  In reaching its decision, the court found that the Plan's letter "only constituted a denial of the Union's request to arbitrate its collective bargaining agreement grievance" and did *not* evidence a "clear refusal to arbitrate[.]"  Id.

Here as in ARARCO, Respondent's June 27, 2007 letter merely states its position that it is not bound by the CBA.  (Pet. ¶ 6.)  Despite Respondent's insistence to the contrary, the letter does not unequivocally refuse to submit to arbitration.  In fact, Respondent's letter does not even mention "arbitration."  (Id.)  Under ARARCO, it is clear that the Plan's June 27, 2007 letter is insufficient to trigger the six month statute of limitations to file a petition to compel arbitration.  See ARARCO, 512 F.3d at 562.

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Respondent's motion to dismiss (Docket 8) is DENIED.  The hearing on the motion set for June 16, 2009 is vacated.

IT IS SO ORDERED.

Dated: April  17, 2009

_____
Honorable Saundra Brown Armstrong
United States District Court